Let's take up People v. Illinois v. Charles George. May it please the Court, Counselor, my name is Lawrence O'Neill and I represent Charles George in this case. This appeal is from the trial court's dismissal of Mr. George's post-conviction petition at the first stage of proceedings. I ask this Court to reverse the summary dismissal order and remand the matter for second stage proceedings. Mr. George and co-defended Randy Fludd were indicted for first-degree murder and robbery and the beating death of Amnese Luote. In March of 1999, Mr. George was tried separately from Fludd, and following a jury trial, he was found guilty of first-degree murder and robbery. The jury was given accountability instruction. Mr. George was sentenced to 60 years in prison for murder. On direct appeal, Mr. George argued, among other issues, that the evidence failed to prove him guilty beyond a reasonable doubt. This Court affirmed his conviction, finding that a rational juror could have found that Mr. George was legally accountable for the conduct of Randy Fludd. In October of 2013, Mr. George was granted leave to file a late post-conviction petition. In the petition, Mr. George claimed that a 60-year prison sentence was disparate to the 40-year prison sentence Fludd had received. The trial court dismissed the petition, finding that it was frivolous and patently without merit. Under de novo standard of review, this Court should reverse the trial court's dismissal order because the pro se petition met the low threshold just of a constitutional claim standard to advance to the second stage of the proceeding. A petition is to be dismissed summarily as frivolous and patently without merit only if the petition has no arguable basis in law and fact. A petition which lacks an arguable basis in either law or fact is one which raised a meriless legal theory or a fanciful factual allegation. Mr. O'Neill, let me ask you about that very issue. Do you know of any case that allows him to challenge the sentence of a co-defendant who negotiated a guilty plea? Your Honor, in my brief, I recognized the general rule that finds that a defendant who went to trial and was found guilty cannot challenge as a disparate sentence a co-defendant who pled guilty. However, the Caballero case from the Illinois Supreme Court stated that that rule is not to be mechanically or blindly applied. Then, in the Supreme Court case, People v. Guy Mazz, the Supreme Court stated and implied that defendant and co-defendant, a challenge of disparate sentences can be made under certain circumstances when the guilty plea defendant's participation in the offense is greater, for example. So I do not believe that this Court is precluded from engaging in a disparate sentencing decision. And also, I listed several cases where the appellate court has evinced a willingness to engage in a comparative analysis for disparate sentencing purposes and actually reversed a vacated defendant when the trial sentence is based on a disparate sentencing. I'm talking about a negotiated plea. I believe this was not a negotiated plea. I believe this was open. I could be. Maybe I wrote it down wrong. I had that he entered into a negotiated plea to murder and was sentenced to 45 years in prison. So maybe I wrote that down wrong. Well, if I'm incorrect about that, I apologize. But I'm under the understanding that it was an open plea. And importantly, too, the general rule that prohibits a disparate review in cases where one co-defendant pleads guilty only implies if the co-defendant pled guilty, cooperates with the prosecution, and testifies against the defendant. Because that serves the policy interest of the effective administration of criminal justice. In this case, Flood did not testify, did not cooperate with the prosecution in Mr. George's case. Therefore, I think it's proper for this court to, even if it was negotiated or not negotiated, it's proper for this court, in this case, to engage in a disparate sentence review for the facts of this case. What kind of record did Flood have, co-defendant? Well, Your Honor, the petition did not elaborate on that. Other than Mr. George's Clinton allegation in the petition, that Flood had a substantial criminal record. But I urge this court to find that this is sufficient to, on an arguable basis, in fact, to survive a first stage summary dismissal. And at the second stage of the proceedings, then counsel would have the opportunity to amend the petition as is required under Supreme Court Rule 651C, which requires an appointed attorney to add any amendments that are necessary to effectively advocate for his client. So, and also, I decided with case people Lisa Smith that the document, absence of a complete document on George and Flood's record, for example, is not fatal to a post-conviction claim when the claim is not contradicted by the record. Again, we have to take Mr. George's allegation to this petition as true at this stage, and that we're not contradicted by the record. So, in short, Your Honor, the allegation, the record does not flush out Flood's, or state Flood's actual criminal record, but the allegation not contradicted by the record is sufficient. And I will say, by the way, no matter what George's Flood's criminal record is, considering the minimal criminal record of Mr. George, which included only one felony conviction in 1989 for bribery, and he had no prior convictions for violent offense, that the differences in Flood and Mr. George's criminal record does not justify the disparate sentence. Your basic position is that your client was penalized for going to trial. That's one of my arguments, Your Honor. And the offenders should not be subject to disparate sentences with codefendant unless there is a sufficient differences in the extent of their participation in the offense or there is a significant difference in their criminal records. Now, Mr. George, as I said, has a minimal criminal record, but the big point here is that the evidence that was presented at the trial and the allegations in Mr. George's petition, again, taken true at this point, established that Flood was the principal offender and was more culpable in the offense. That Flood initiated the plan to rob the victim, and then when Flood and Mr. George went to the victim's house, unbeknown to Mr. George, this was the evidence and this is the allegation in the petition, Flood hit the decedent with a baseball bat and beat him to death. And Mr. George was surprised by Flood's conduct. Now, the record cooperates that. The record from the trial cooperates that. And then Tawana Young testified that she was at Flood's home. Flood lived next door to the victim. And she was sleeping on the night of the murder at about 12.30, and Mr. George came into the house and he was hysterical, and he said, Flood just beat a guy to death. Now, Young and Mr. George did not know each other very well. It makes no sense that Mr. George would admit to an almost, a total stranger that he had, that a murder had occurred if he had participated in the murder. In addition, another witness, Jackie Golick, testified that she was a bartender about a month after the murder, and that Flood was in the bar drinking, and he told her that  So there is allegations contained in the petition, supported by the record, supported by... Thank you, Counsel. Mr. O'Neill, I don't see that either, so that's my obvious mistake.  Yes, my name is David Mish, and I'm with the Appellate Prosecutor's Office, and I'm arguing on behalf of the state. In this case, the trial court properly found that the defendant's claims were completely without merit and frivolous. Under Hochschild, Cavallaro, and Moss, recent Supreme Court cases, you cannot make a comparison between a defendant who goes to trial and a defendant who pleads guilt. This was, as my recollection of the record, this was a negotiated plea on the part of the co-defendant. Yeah, I couldn't find that, but I wrote that down, so it came from someplace. I believe it was in the record that it was, because it was in the petition that the guy had pled guilty. It was a negotiated plea. There's no information regarding the grounds of the plea, or what the basis of the plea or what Flood's prior record looks like, so that there is no basis claim for comparing the records to say that this defendant is more of an angel than the other co-defendant, Flood. But then, aren't you saying by doing so, aren't you really saying that maybe you ought to have a second hearing? No, because it's the defendant's obligation to support his petition with facts and affidavits, and failing to attest the affidavits is a basis for dismissal at the first stage. I understand, but aren't we supposed to give a little more leeway when it's done pro se? No, because virtually all post-conviction petitions at the first stage are pro se. If you say that you give them leeway, you're just going to do away with the first stage completely by letting them get by with this factual allegation not based on any facts, which is this claim that he has regarding the co-defendant's record. Plus, you have the fact that these two defendants are not similarly situated. This defendant was convicted of both robbery and murder, whereas co-defendant Flood pled guilty under a negotiated plea just to murder. The fact that you've got the two different convictions involved here as opposed to one means they are simply not similarly situated. In his brief in against Day, counsels referred to the original charges as showing that they were similarly situated. They may have been similarly situated at the start, but at the end, when they plead guilty and when they get found guilty, they are not found guilty of the same offenses. So they're not similarly situated. So even if you can make a comparison, which under Hushall, Caballero, and Moss, you cannot make that comparison, that when you make a comparison, it cannot be done because they're not similarly situated. Counsel has cited numerous brief cases in his brief where they talk about, where they do make comparisons. Every single case filed, he cites, which is cited in this before Hushall, Caballero, and Moss, which expressly hold that a basis that a sentence imposed for suit of plea of guilty does not provide a valid basis of comparison to a sentence imposed subsequent to trial conviction. And I know, I think it was a belief of Caballero, the Supreme Court expressly held that the trial court properly dismissed a post-conviction petition at the first stage when the defendant was trying to compare his sentence to the sentence of the co-defendant who had pled guilty. So under those decisions, the trial court had no basis or no, could not render any decision of the defendant to dismiss the defendant's claims because it was blatantly invalid under those decisions, plus you have the fact that he doesn't support his petition with affidavits, plus you have the fact that you have the additional conviction here, which means they're not similarly situated. So I submit that the trial court's first stage dismissal is proper and should be affirmed by this court. I'd like you to address the argument that the defendant essentially was penalized for going to trial and that resulted in that 15-year disparity. Well, the 15-year disparity is the result of the guilty plea that was entered into by the co-defendant. What the defendant is, in fact, arguing is if one co-defendant pleads guilty and gets a deal, every other co-defendant has to get that deal, whether they go to trial or not. That's the bottom line of what the defendant's argument is, is that I go to trial and if I get more than the co-defendant who pled guilty, no harm, no foul, because his guilty plea would just apply to me. And that is simply not the law. Thank you, counsel. Rebello? Your Honor, I apologize about the confusion to your question about whether it was a negotiated plea. I understood that and answered it. My understanding, it was an open plea. There was no negotiation as to the sentence. So, which is it? Was it a negotiated plea? Well, it was a negotiated plea, but there was no… As far as the murder robbery goes. As far as the murder goes. There was no agreement to the sentence, though. That's how the record leads to me. Your Honor, again, we don't have the full documentation of Flood's guilty plea and the sentencing, so we don't know all of the facts surrounding Flood's guilty plea. But again, that goes to… That should be resolved. Those factual questions should be resolved at the second stage of the proceedings. Is it true that every case that you cited was before Hochschild? Well, again, that's… Because Hochschild is pretty clear. Yes, but Hochschild also says that… But first answer my question. Is it true that… Correct. Okay. Hochschild… I mean, excuse me, Cavallaro says that it should not… The rules should not be blindly and mechanically applied. And again… But the Hochschild and the Cavallaro cases, Your Honor… This goes back to what I said before. In finding that a defendant who goes to trial and a defendant who pleads guilty are not… Should not be compared for disparate sentence purposes. The defendants in those… The co-defendants in those cases cooperated with the prosecution and testified against the defendant. Now, I think that's a significant difference here. Because you read in those cases, it says that this advances the effective administration of justice. Therefore, it's a sufficient reason to treat these two co-defendants differently as far as sentences are concerned. And that justifies a disparate sentence. Regarding the 15-year disparity that you mentioned, Your Honor, Mr. George was sentenced before the floods guilty plea. So it was not… That's not the reason that Mr. George received that 15-year sentence. It was because his co-defendant received a 45-year sentence and he pleaded guilty. As far as similarly situated is concerned, I mentioned this a bit in the first part of the argument. The defendant is similarly situated with the co-defendant in the case as a whole for purposes of disparate sentencing review. When the defendant and the co-defendant are convicted of the same offense. Here, both Mr. George and Flood were convicted of the murder. And the state's theory of the case was that they committed this murder together as accomplices. The only difference, as Your Honor mentioned, is that Mr. George went to trial for both the murder and robbery, whereas Flood pled guilty. They are similarly situated for purposes of disparate sentencing review. I don't know how you say that. You jump from sentences. It's about the sentences. Correct. It's not about the original charges. So the sentence was for murder and then your client was murder and robbery. Well, that's true. Do you think that the state's argument in that regard… Well, that's true, Your Honor, and I acknowledge that. And I acknowledge that in the briefs, too. But, again, as far as practical purposes are concerned, they were convicted of the same offense and they were both sentenced for murder. They were both sentenced for the murder. So I urge this Court to look at the murder in determining whether they are similarly situated for purposes of disparate sentencing review. And, again, I cited the Supreme Court Gavinez case that implied that two co-defendants can be similarly situated for disparate sentences purposes, even though one defendant, co-defendant, is sentenced for additional conviction. So I don't think it precludes this Court from engaging in a disparate sentencing review in this case. And, again, the deficiencies in any factual allegations that the petition alleges and the attachments allege, the first point is that the petition alleges sufficient argumental basis in law and fact to survive some dismissal. It is for the second and third stage of the proceedings to flesh those allegations out. So this Court looks simply at whether the petition and the allegation is contained in the petition and the record and the attachment. Thank you, Counsel. Thank you. Counsel, thank you for your arguments. We will take this matter under advisement.